1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  KELLY C.,

9                          Plaintiff,

10        v.

11  COMMISSIONER OF SOCIAL SECURITY,

12                          Defendant.

CASE NO. 3:20-cv-06043-BAT

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

13        Plaintiff appeals the ALJ's decision finding him not disabled. He argues the ALJ

14  misevaluated the opinion of Dan Neims Psy.D., and the Court should reverse for further

15  proceedings. The Court agrees and accordingly **REVERSES** the Commissioner's final decision

16  and **REMANDS** the matter for further administrative proceedings under sentence four of 42

17  U.S.C. § 405(g).

18                              **DISCUSSION**

19        Examining doctor Dan Neims, Psy.D. opined Plaintiff is markedly limited in his ability to

20  perform work activities within a schedule and maintain regular attendance/punctuality; adapt to

21  changes; make simple work-related decisions; communicate and perform effectively; maintain

22  appropriate behavior; and complete a normal workday and workweek. Tr. 639-94.

23

The ALJ's consideration of Dr. Neims' opinions is vague and insufficient. The ALJ stated he reviewed Exhibit 6F (Dr. Neims' evaluation) but since "it is uncertain if this evaluation was completed by Dr. Neims" and "the author of the opinions cannot be ascertained, assessing persuasiveness is problematic." Tr. 25. The Commissioner admits the ALJ's statement about authorship is mistaken, Dkt. 14 at 4 but argues the mistake is harmless. The Court rejects this argument. The ALJ specifically discounted Dr. Neims' opinion based on unverified authorship, which as the Commissioner concedes was a mistake.

The Commissioner defends the ALJ's determination raising several other grounds. First, the Commissioner argues the ALJ's residual functional capacity (RFC) is inconsistent with Dr. Neims' opinion Plaintiff has marked limitations, and the ALJ found Plaintiff is moderately limited in his ability to maintain concentration, persistence, and pace over time and appropriately interact with others at steps two and three. These are conclusory statements about the ALJ's findings and do not show the ALJ properly articulated valid grounds to discount the marked limitations assessed by Dr. Neims, and the Court thus rejects them as a basis to affirm the ALJ's determination.

Second, the Commissioner argues the ALJ's rejection of Dr. Neims' opinions is evinced by the ALJ's adoption of Dr. Eisenhauer's opinion Plaintiff is moderately limited, *id*. at 6, and that Dr. Neims' opinion is inconsistent with other mental status examinations performed on Plaintiff. *Id.* at 9.  However, as the ALJ did not reject Dr. Neims' opinion as contradicted by Dr. Eisenhauer's opinion, or as inconsistent with other mental status examinations, the Court cannot rely upon these *post hoc* arguments to affirm the ALJ. The Court also notes the ALJ found Dr. Neims' opinions are "somewhat supported by other medical evidence of record," a finding undercutting the Commissioner's argument. Tr. 25.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

1  Third, the Commissioner argues the ALJ properly discounted Dr. Neims' opinion as

2  "based primarily upon Plaintiff's self-reports." Dkt. 14 at 7. Substantial evidence does not

3  support this finding. The record does not establish Dr. Neims simply parroted Plaintiff's

4  statements in making his findings. Rather, Dr. Neims stated the "severity of a mental impairment

5  is determined by overall clinical findings" indicating the doctor performed a professional

6  assessment applying accepted measures in arriving at his conclusions. Tr. 691.

7  The ALJ found Plaintiff presented for the examination with soiled clothing, pressured

8  speech and made tangential responses. The ALJ stated he considered the consistency of this

9  presentation with other evaluations but made no specific findings about how Plaintiff's

10  presentation was different or why it mattered. The ALJ's conclusory statement is thus insufficient

11  grounds to reject Dr. Neims' opinions. Further, Dr. Neims did not place particular weight on

12  Plaintiff's "soiled clothing" in finding Plaintiff's appearance was "fair." Tr. 694. Dr. Neims also

13  found Plaintiff "cooperative" but that he exhibited "patterns of mood lability and low frustration

14  tolerance," and had "borderline concentration, insight and judgment." Tr. 695. These clinical

15  observations undermine the Commissioner's argument the ALJ found Dr. Neims relied too

16  heavily upon Plaintiff's self-reports or appearance in reaching his opinions.

17  Fourth, the Commissioner defends the ALJ's decision arguing the regulations applicable

18  to the consideration and articulation of medical opinions filed after March 27, 2017 eliminate

19  deference to any medical opinion and  "because all medical opinions begin on equal footing . . .

20  case law demanding heightened rationale to justify rejecting a treating or examining source's

21  opinion is not compatible with these regulations." Dkt. 14 at 2. This argument disregards the

22  ALJ's duty, under the new regulations, to "articulate" consideration of medical opinions and

23

"explain how we considered the supportability and consistency factors for a medical source's medical opinions."  *See* 20 C.F.R. § 404.1420c.

The Commissioner argues under the regulations, "an ALJ is not required to articulate how she considered each medical opinion . . . Instead, the ALJ need only articulate how she considered the medical source's opinion 'together in a single analysis.'" Dkt. 14 at 4. The Court rejects the argument the new regulations eliminate the requirement the ALJ must articulate his or her reasoning and provide "specific and legitimate" reasons to reject a medical opinion. The new regulations do not wash away the standard by which the Court evaluates whether the ALJ's determination is supported by substantial evidence and has articulated his or her consideration of the evidence. The regulations set forth factors the ALJ should consider in evaluating medical opinions. The ALJ must nonetheless articulate his or her reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is simply a benchmark against which the Court evaluates that reasoning. *See Dong Ok K. v. Commissioner of Social Security*, 2021 WL 1221104 at * 3 (W.D. Wash. April 1, 2021); *see also Scott D. v. Comm'r of Soc. Sec.*, No. C20-5354 RAJ, 2021 WL 71679, at *4 (W.D. Wash. Jan. 8, 2021) (noting that "[e]ven under the Commissioner's new regulations, the ALJ must articulate why he has rejected the opinion" and that "the Ninth Circuit's 'specific and legitimate standard' is merely a benchmark against which the Court evaluates that reasoning").

That the ALJ must articulate specific and legitimate reasons is not an academic matter. The requirement flows from the deference this Court, on review, gives to the ALJ's findings. The deference to administrative findings evaporates, however, when the ALJ's rationale is either non-existent or insufficient; when this occurs, the Court cannot engage in meaningful judicial review.

The Court also finds the Commissioner's augment "the ALJ need only articulate how she considered the medical source's opinion 'together in a single analysis,'" does not apply to Dr. Neims' single opinion, but only to assessments of medical sources that provided multiple opinions. *See* 20 C.F.R. § 404.1420c(b)(1) ("when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs.").

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Dr. Neims' opinion, develop the record and redetermine RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 10th day of June 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5